**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Frederick Schott, | No. CV-24-00134-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Mark Frederick Schott's Application for Disability Insurance Benefits by the Social Security Administration under the Social Security Act. Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 8, Pl. Br.), Defendant Social Security Administration Commissioner's Response Brief and Motion for Remand (Doc. 10, Def. Br.), and Plaintiff's Reply (Doc. 11, Reply). The Court has reviewed the briefs and Administrative Record (Doc. 6–7, R.) and now reverses and remands the Administrative Law Judge's (ALJ) decision (R. at 19–31) as upheld by the Appeals Council (R. at 1–3).

## I.    BACKGROUND

Plaintiff filed an application for Disability Insurance Benefits on January 11, 2021, for a period of disability beginning on January 7, 2021. (R. at 19.) His claim was denied initially on July 13, 2021, and upon reconsideration on April 28, 2022. (R. at 13.) On November 16, 2022, Plaintiff appeared by video before the ALJ for a hearing regarding his

1    claim. (R. at 19, 40–60.) On December 28, 2022, the ALJ denied Plaintiff's claim. (R. at

2    19–31.) On November 21, 2023, the Appeals Council denied Plaintiff's Request for

3    Review of the ALJ's decision. (R. at 1–3.)

4         In the Decision, the ALJ found Plaintiff had the severe impairments of residuals of

5    lumbar fusion, degenerative disc disease of the cervical spine, and peroneal neuropathy.

6    (R. at 22.) The ALJ evaluated the medical evidence and testimony and ultimately

7    concluded that Plaintiff was not disabled. (R. at 30–31.) In so doing, the ALJ determined

8    that Plaintiff did "not have an impairment or combination of impairments that meets or

9    medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404,

10   Subpart P, Appendix 1." (R. at 25.) The ALJ found that Plaintiff had the Residual

11   Functional Capacity (RFC) to perform sedentary work with some additional exertional

12   limitations. (R. at 25–26.) Based on the RFC formulation and the testimony of the

13   Vocational Expert (VE) at the hearing, the ALJ found that Plaintiff could perform his past

14   relevant work as a human resources manager, human resources director, assistant city

15   manager, and police chief, such that Plaintiff was not under a disability as defined in the

16   Social Security Act. (R. at 30–31.)

17   **II.    LEGAL STANDARD**

18        In determining whether to reverse an ALJ's decision, the district court reviews only

19   those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503,

20   517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability

21   determination only if the determination is not supported by substantial evidence or is based

22   on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is

23   more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable

24   person might accept as adequate to support a conclusion considering the record as a whole.

25   *Id.*; *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). To determine whether

26   substantial evidence supports a decision, the Court must consider the record as a whole and

27   may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.*

28   Generally, "[w]here the evidence is susceptible to more than one rational interpretation,

1    one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas*

2    *v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

3          To determine whether a claimant is disabled for purposes of the Act, the ALJ

4    follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of

5    proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett*

6    *v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether

7    the claimant is presently engaging in substantial gainful activity. 20 C.F.R.

8    § 404.1520(a)(4)(i). If so, the claimant is not disabled, and the inquiry ends. *Id.* At step

9    two, the ALJ determines whether the claimant has a "severe" medically determinable

10   physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not

11   disabled, and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's

12   impairment or combination of impairments meets or medically equals an impairment listed

13   in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so,

14   the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four.

15   *Id.* At step four, the ALJ assesses the claimant's residual functional capacity and

16   determines whether the claimant is still capable of performing past relevant work.

17   20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled, and the inquiry ends. *Id.*

18   If not, the ALJ proceeds to the fifth and final step, where she determines whether the

19   claimant can perform any other work in the national economy based on the claimant's RFC,

20   age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is

21   not disabled. *Id.* If not, the claimant is disabled. *Id.*

22   **III.   ANALYSIS**

23         Plaintiff raises three arguments for the Court's consideration, namely, (1) the ALJ

24   erred in rejecting the assessments of Plaintiff's treating physician, Patrick W. Hogan, D.O.

25   without sufficient reasons supported by substantial evidence; (2) the ALJ erred in

26   evaluating Plaintiff's symptom testimony; and (3) the ALJ erred in concluding Plaintiff's

27   mental impairments were not severe. (Pl. Br. at 1–2.)

28

### A.      Treating Physician Dr. Hogan

The Ninth Circuit no longer accords special deference to a treating or examining physician. *Woods v. Kijakazi*, 32 F. 4th 785, 792 (9th Cir. 2022). In 2017, the Social Security Administration amended the regulations for evaluating medical evidence. *See* Revisions to Rules Regarding Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (Jan. 18, 2017). The 2017 regulations provide that "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion . . . . The most important factors we consider when we evaluate the persuasiveness of medical opinions . . . are supportability . . . and consistency." 20 C.F.R. § 404.1520c(a). Other factors, which an ALJ "may, but [is] not required to[ ] explain" when evaluating the persuasiveness of a medical opinion, are the medical source's "relationship with the claimant," "specialization," "familiarity with the other evidence in the claim," and "understanding of our disability program's policies and evidentiary requirements." *Id.* § 404.1520c(b)(2), (c).

Moreover, the Ninth Circuit held its requirement that ALJs provide "specific and legitimate reasons" for rejecting a treating or examining doctor's opinion is incompatible with the revised regulations. *Woods*, 32 F. 4th at 790. Nonetheless, in rejecting a treating or examining doctor's opinion as unsupported or inconsistent, an ALJ must provide an explanation—that is, reasons—supported by substantial evidence. *Id.* This means that the ALJ "must 'articulate . . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source, and 'explain how it considered the supportability and consistency factors' in reaching these findings." *Id.* (citing 20 C.F.R. §§ 404.1520c(b), 404.1520(b)(2)).

The record in this case shows Plaintiff has been treated for pain associated with degenerative disc disease and related conditions since 2010. (*E.g.*, R. at 917.) After Plaintiff fell off a step ladder around July 19, 2020, which exacerbated his symptoms, he made regular visits to Arizona Pain Doctors—the group in which Dr. Hogan practices—to request medication refills in conjunction with the "high-dose chronic opioid therapy" on which he was maintained "due to the fact that his pain has been severe and refractory to non-opioid modalities as well as more conservative measures." (R. at 459; *see also* R. at

471–82.) Dr. Hogan performed a series of three lumbar epidural steroid injections in September 2020 and a bilateral lumbar medial branch block in October 2020, which resulted in some pain relief. (R. at 500–03, 511–12.) Dr. Hogan also performed sacroiliac joint injections in May and June 2021, and more epidural steroid injections in August and September 2021, again resulting in some but not complete pain relief. (R. at 540, 569, 600, 603, 605–08.) In February 2022, Dr. Hogan performed lumbar radiofrequency ablation bilaterally, and in March 2022, the battery in Plaintiff's spinal cord stimulator was replaced. (R. at 614, 617.) Dr. Hogan performed more epidural steroid injections in July 2022. (R. at 663.) Throughout the relevant period, Plaintiff continued the opioid pain medication regimen, including taking Oxycodone, MS Contin, and Tizanidine. (*E.g.*, R. at 582.)

Dr. Hogan completed three nearly identical check-box forms assessing Plaintiff's functional limitations in September 2021 and May and October 2022. (R. at 558–59, 638–39, 916–17.) In them, Dr. Hogan opined that Plaintiff could sit for less than two hours and stand or walk for less than two hours in an eight-hour day and would have to alternate positions at least every 45 minutes and rest between positions for at least 15 minutes. (R. at 558.) He also stated Plaintiff could use his right hand continuously but his left hand only frequently (34 to 66 percent of the time). (R. at 558.)

In terms of these physical limitations, the ALJ found Dr. Hogan's assessment unpersuasive because Dr. Hogan did not adequately explain or substantiate the limitations and they were instead based on Plaintiff's subjective complaints; Plaintiff had been "working full time at substantial gainful activity levels" both before and after the fall from the step ladder; Plaintiff saw improvement with his various treatments; his strength in both lower and upper extremities was five out of five; he ambulated with a normal gait and exhibited "no acute distress"; and further therapies were available to Plaintiff, such as "participat[ing] in 150 minutes of aerobic exercises weekly." (R. at 28–29.)

The ALJ compared Dr. Hogan's assessment to those of state agency consultants, Dr. Schwartz and Dr. Quinones, who opined among other things that Plaintiff could sit for

1     six hours and stand or walk for four hours in an eight-hour workday. (R. at 62–90.) The

2     ALJ found these opinions "partially persuasive" because they were supported by the

3     medical record that Plaintiff's "symptoms were managed with steroid injections and

4     medication," he had "five out of five strength in the upper and lower extremities," and he

5     "ambulated with a normal gait." (R. at 28.) Weighing these various medical opinions, the

6     ALJ "limited [Plaintiff] to sedentary exertional work out of an abundance of caution to

7     avoid additional injury given [Plaintiff's] long history of chronic pain that has persisted

8     despite surgical intervention." (R. at 28.) The Court finds the ALJ relied on substantial

9     evidence in the record to adequately weigh the differing medical opinions in terms of their

10    consistency and supportability with regard to Plaintiff's exertional limitations, and thus the

11    Court will not disturb the ALJ's conclusions in this regard. *E.g. Woods*, 32 F.4th at 792–

12    93. The Court will discuss *infra* the ALJ's consideration of Dr. Hogan's assessment of

13    Plaintiff's mental limitations.

14              **B.      Plaintiff's Symptom Testimony**

15              Plaintiff also argues the ALJ erred in considering Plaintiff's symptom testimony.

16    While credibility is the province of the ALJ, an adverse credibility determination requires

17    the ALJ to provide "specific, clear and convincing reasons for rejecting the claimant's

18    testimony regarding the severity of the claimant's symptoms." *Treichler v. Comm'r of Soc.*

19    *Sec.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (citing *Smolen v. Chater,* 80 F.3d 1273, 1281

20    (9th Cir. 1996).)). For example, "[i]n evaluating the credibility of pain testimony after a

21    claimant produces objective medical evidence of an underlying impairment, an ALJ may

22    not reject a claimant's subjective complaints based solely on a lack of medical evidence to

23    fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th

24    Cir. 2005). But the ALJ may properly consider that the medical record lacks evidence to

25    support certain symptom testimony. *Id.* at 681. The ALJ may also properly consider

26    inconsistencies in the claimant's testimony, including inconsistencies between the

27    claimant's testimony of daily activities and symptom testimony. *Id.*

28

1    Addressing only Plaintiff's testimony of physical limitations, Plaintiff stated that
2    pain prevents him from walking more than 20 to 30 minutes at a time and that he has
3    difficulty lifting, squatting, and bending as well as staying seated or in the standing position
4    for substantial amounts of time. (R. at 26, 40–60.) The ALJ found that Plaintiff's reported
5    symptoms were consistent with his medically determined impairments, but the "intensity,
6    persistence and limiting effects" of his symptoms were not entirely consistent with the
7    medical record for many of the same reasons the ALJ discounted Dr. Hogan's opinion. (R.
8    at 26.) The ALJ also noted that Plaintiff's reported symptoms were not entirely consistent
9    with his reported activities of daily life, including shopping, driving, pet care, preparing
10   meals, and light house cleaning. (R. at 26.) Although the Court finds that the ALJ gave
11   specific, clear and convincing reasons to discount some of the physical limitations Plaintiff
12   reported, a complete analysis cannot be completed without a review of the ALJ's
13   consideration of Plaintiff's mental symptoms and limitations.

14   ### C.    Mental Impairment

15   Plaintiff argues that the ALJ committed materially harmful error in concluding that
16   Plaintiff's mental impairments were not severe at Step Two of the disability analysis and
17   by not including any mental functional limitations in the RFC formulation. Defendant
18   agrees with this proposition and thus requests that the Court remand this case for further
19   proceedings. (Def. Br. at 5–7.) Specifically, Defendant concedes (Def. Br. at 6–7) that the
20   ALJ erred in disregarding Dr. Hogan's opinions about the mental limitations arising from
21   Plaintiff's pain and associated symptoms because Dr. Hogan was "unqualified" to make
22   such opinions (R. at 28); the SSA regulations do not limit a licensed physician from opining
23   about mental limitations, whether due to pain from a physical impairment or due to a mental
24   impairment. 20 C.F.R. § 404.1520c. Likewise, Defendant concedes the ALJ erred in giving
25   credit to the medical opinion of consultive examiner Dr. McGady but then failing to include
26   the mental limitations Dr. McGady identified in the RFC. (Def. Br. at 5–6.)

27   Plaintiff asks that the Court remand this case not for further proceedings, but for a
28   calculation and payment of benefits, arguing that the Court should credit as true

1    Dr. Hogan's opinions about Plaintiff's exertional limitations and Plaintiff's symptom

2    testimony to conclude Plaintiff is disabled under the Act. (Reply at 4–10.) Generally, the

3    ordinary remand rule—providing that a case should be remanded for further proceedings—

4    applies in Social Security cases, and the Court will only remand for a calculation and

5    payment of benefits when, after finding an error was made in the ALJ's evaluation of the

6    evidence, the Court finds the record is fully developed, there are not outstanding issues that

7    must be resolved, and the Court is left with no uncertainty that the claimant is disabled.

8    *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099–1102 (9th Cir. 2014). Here,

9    the Court agrees with Defendant that there are outstanding issues that must be resolved and

10   the Court therefore cannot conclude with no uncertainty that Plaintiff is disabled under the

11   Act. As the Court stated *supra*, the Court does not find error in the ALJ's evaluation of the

12   medical evidence going to Plaintiff's exertional limitations alone, and the Court cannot

13   fully consider the ALJ's evaluation of Plaintiff's symptom testimony without considering

14   the mental symptoms together with the physical ones. The ALJ's analysis of Plaintiff's

15   mental limitations was either incomplete or based on an improper premise, and a proper

16   assessment of mental limitations must be conducted before a final disability determination

17   can be made. For these reasons, the Court must remand this case for further proceedings,

18   as Defendant requests. Accordingly,

19          **IT IS HEREBY ORDERED** granting Defendant Commissioner of Social Security

20   Administration's Motion for Remand (Doc. 10) and remanding this case to the Social

21   Security Administration for further proceedings.

22          **IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment

23   consistent with this Order and close this case.

24          Dated this 9th day of October, 2024.

25

26          Honorable John J. Tuchi
            United States District Judge

27

28